UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
www.flmb.uscourts.gov

In re

ADMINISTRATIVE ORDER PRESCRIBING PROCEDURES FOR CHAPTER 13 CASES FILED ON OR AFTER OCTOBER 1, 2025

Administrative Order
FLMB-2025-1

_____/

# ADMINISTRATIVE ORDER PRESCRIBING PROCEDURES FOR CHAPTER 13 CASES FILED ON OR AFTER OCTOBER 1, 2025

This Administrative Order establishes uniform procedures for all Chapter 13 cases filed in this District on or after October 1, 2025. Accordingly, it is

**ORDERED:**

> **Debtor's failure to make timely payments to the Chapter 13 Trustee (the "Trustee") or to comply with any of the other requirements of this Order may result in dismissal or conversion of the case.**

1. ***Service of this Administrative Order to Debtor***. Debtor's attorney or, if Debtor has no attorney, the Trustee, must provide a copy of this Administrative Order to Debtor within 7 days of the petition date and promptly file a proof of service.

2. ***Additional Information Required to be Filed with the Court***. If Debtor has not already filed the lists, statements, and schedules required by Federal Rule of Bankruptcy Procedure 1007, Debtor must do so no later than 14 days from the petition date.

3. ***Chapter 13 Plan.*** If Debtor has not already filed a Chapter 13 plan (the "Plan"), Debtor must file a Plan using the Middle District of Florida's Model Chapter 13 Plan available on the Trustee's website and on the Court's website, www.flmb.uscourts.gov, no later than 14 days from the petition date. (Note: do not use the Official Chapter 13 Plan, Form No. B113.) Any modifications to the Model Chapter 13 Plan must be included in the "Nonstandard Provisions" section of the Plan. Plans that are filed with the petition will be served on creditors by the Clerk; if the Plan is not filed with the petition, Debtor must serve a copy of the Plan upon all parties in interest and promptly file a proof of service.

---

\* The word "Debtor" refers to both debtors in a case filed jointly by two individuals.
\*\* The word "Plan" also refers to any amended plan; an amended plan supersedes all previously filed plans.
\*\*\*All statutory references are to the Bankruptcy Code, Title 11 of the United States Code, unless otherwise noted. References to rules are to the Federal Rules of Bankruptcy Procedure.

4. **Plan Payments.** The Plan must provide for Debtor to make monthly payments to the Trustee ("Plan Payments"). As required by § 1326(a), Debtor must commence making Plan Payments to the Trustee no later than 30 days after the petition is filed and must continue making Plan Payments to the Trustee on the same date of each subsequent month. **If the Trustee does not receive Plan Payments when due, the Trustee may seek dismissal of the case**. Debtor must make Plan Payments by approved electronic transfer, cashier's check, money order, or employee wage deduction. Each Plan Payment must include Debtor's legibly printed name and the Chapter 13 case number, and must not identify Debtor's social security number. Except for the pre-confirmation disbursements authorized in this Order, the Trustee must hold Plan Payments pending confirmation of the Plan. Payment information is available on the assigned Trustee's website:

> Fort Myers Cases
> Trustee Daryl J. Smith
> www.tampa13.com
>
> Jacksonville Cases
> Trustee Doug Neway
> www.ch13jaxfl.com
>
> Orlando Cases
> Trustee Laurie Weatherford
> www.c13orl.com
>
> Tampa Cases
> Trustee Kelly Remick (cases ending in CED or RCT)
> www.ch13tampa.com
> Trustee Daryl J. Smith (cases ending in CPM)
> www.tampa13.com

5. **The Trustee's Statutory Percentage Fee.** The Trustee is authorized to pay from the Plan Payments any fees and charges assessed against the estate by law under § 1326(b), including the Trustee's fee authorized by 28 U.S.C. § 586 (the "Trustee's Statutory Percentage Fee"). The Trustee's Statutory Percentage Fee is a § 503(b) award earned upon receipt of each Plan Payment and may be distributed to the Trustee upon receipt of the Plan Payment.

6. **Payments to Secured Creditors.** Except as set forth in paragraph 7, Plan Payments must include *all* payments to secured creditors that will come due after filing the petition as follows:

A. For claims secured by real or personal property that is valued in the Plan, Plan Payments must include adequate protection payments based upon the proposed value of the property with interest.

B. For claims secured by mortgages for which the Plan proposes mortgage modification mediation ("MMM"), Debtor must file a motion for referral to MMM no later than 90 days from the later of the petition date or the date the case was converted to Chapter 13. Information and forms related to MMM are available in the Court's Procedure Manual on the Court's website,

[www.flmb.uscourts.gov](www.flmb.uscourts.gov). Unless otherwise ordered by the Court, Plan Payments must include the following payments for mortgages for which the Plan proposes MMM:

    (i)    For *homestead* properties, until the MMM is concluded, the lesser of:

        a.    31% of Debtor's and any non-filing spouse's gross monthly income, after deducting homeowner association fees; or

        b.    the normal monthly contractual mortgage payment.

    (ii)    For *non-homestead,* income-producing property, until the MMM is concluded, 75% of the gross rental income generated from the property.

    (iii)    Notwithstanding the foregoing, the adequate protection payment must be in an amount sufficient to pay (a) homeowners' association fees, and (b) 1/12 of annual ad valorem property taxes and annual homeowner's insurance premiums.

    (iv)    If Debtor obtains a mortgage modification at any time during the case, payments on the modified mortgage must be paid through the Plan. If the MMM does not result in a modified mortgage, then within 14 days of the mediator's final report or notice of denial of modification, Debtor must file an amended Plan that proposes treatment of the mortgage claim and the appropriate payment, if any.

    C.    For executory contracts or leases of real or personal property that the Plan proposes to assume, Plan Payments must include adequate protection payments equal to the regular monthly contractual payment. If there are prepetition arrearages, the Plan must provide for the prompt cure of arrearages. *See also* paragraph 9.

    D.    For claims secured by mortgages for which the Plan proposes to cure prepetition arrearages, Plan Payments must include (1) the regular postpetition contractual payment, (2) an amount equal to the total arrearages divided by the number of months in the term of the Plan.

    E.    Plan Payments do not need to include postpetition payments on claims secured by property surrendered in the Plan or by junior liens on Debtor's principal residence that the Plan proposes to value and strip.

    7.    **Direct Postpetition Payments to Secured Creditors/Lessors.** The Plan may provide for Debtor to make postpetition payments directly to secured creditors or lessors on claims that are not in default, for which no arrearages are being cured through the Plan, and that the Plan does not modify. Debtor must make direct payments via automatic debit/draft from a bank account and provide proof of payment to the Trustee upon request. The establishment of an automatic debit/draft at Debtor's request and creditors' or lessors' acceptance of ACH transfers do not violate the automatic stay. IF THE PLAN PROVIDES FOR DEBTOR TO MAKE DIRECT PAYMENTS TO A SECURED CREDITOR OR LESSOR, THE AUTOMATIC STAY IS TERMINATED, *IN REM*, AS TO THAT CREDITOR UPON THE FILING OF THE PLAN.

8. ***Adequate Protection for Secured Creditors and Lessors***. Pending confirmation of a Plan, and as a condition of Debtor's continued possession or use of real or personal property subject to a security interest, the following, when taken collectively, constitute adequate protection to each such secured creditor/lessor:

A. Timely filing of the Plan and all required information.

B. Adequate protection payments required by § 1326(a)(1)(C) and payments to lessors are provided for in the Plan.

C. Debtor's timely Plan Payments to the Trustee.

D. All payments proposed in the initial or any amended Plan to the holders of secured claims and lessors are allowed as costs and expenses of preserving the estate within the meaning of § 503(b)(1)(A).

E. As soon as practicable prior to confirmation of the Plan, the Trustee shall disburse adequate protection payments to secured creditors and lessors if:

(i) The Plan provides for such payment to the secured creditor/lessor (including payments under the MMM program);

(ii) The secured creditor/lessor has filed a proof of claim OR Debtor or the Trustee has filed a proof of claim under § 501(c); and

(iii) No objection to the proof of claim is pending.

F. The Trustee's disbursements to secured creditors/lessors are deemed adequate protection payments. Creditors' acceptance of such payments is not a waiver of their rights to contest confirmation or Debtor's valuation of collateral, to request relief from the automatic stay on grounds other than a default in payments, or to request additional adequate protection. If Debtor timely pays Plan Payments in an amount sufficient for the Trustee to disburse adequate protection payments to secured creditors/lessors as set forth in the Plan, such adequate protection payments are deemed contractually timely as to the secured creditor/lessor.

G. Within 14 days of a secured creditor's written request, Debtor must provide proof of insurance to the secured creditor as required by the loan documents.

H. Within 72 hours of a secured creditor's telephonic request, Debtor must allow inspection of the collateral as required by the loan documents.

9. ***Executory Contracts and Unexpired Leases***. The Plan must provide for (a) the assumption or rejection of executory contracts and unexpired leases, and (b) the prompt cure of arrearages with respect to any contracts or leases to be assumed under the Plan. *See also* Paragraph 6.C.

10. ***Secured Creditors/Lessor's Obligations.***

A. If a secured creditor/lessor desires to receive payments at an address other than the address in the secured creditor's proof of claim, the secured creditor must file a Notice of Payment Address Change with the Clerk and provide written notice to the Trustee.

B. If the Plan provides for payments to a creditor that holds a security interest in Debtor's principal residence under § 1322(b)(5), the creditor must comply with Rule 3002.1 with respect to payment changes and requests for postpetition fees and costs. The Trustee may adjust the Plan payments accordingly and notify Debtor of any such payment change. However, if a secured creditor is subject to an order directing MMM, the implementation of any notice under Rule 3002.1 is abated until the conclusion of the mediation.

11. ***Refund of Undisbursed Plan Payments if Case is Dismissed or Converted.*** If the case is dismissed or converted to a case under Chapter 7 or Chapter 11, subject to the provisions of Paragraph 12 and as soon as practicable, the Trustee shall refund to Debtor any undisbursed funds in the Trustee's possession after subtracting (a) any Trustee's Statutory Percentage Fee not previously disbursed under paragraph 5 of this Order, and (b) any allowed unpaid administrative expense claims, including Debtor's attorney's claim for fees, from the amount refunded to Debtor. The Trustee may remit payment to the holders of allowed administrative expense claims directly to the holders.

12. ***Administrative Expense Claims if Case is Dismissed or Converted.*** If the case is dismissed or converted to a case under Chapter 7, Chapter 11, or Chapter 12, applications for unpaid administrative expense claims, including applications for Debtor's attorney's fees, must be filed no later than 14 days after entry of the order dismissing or converting the case. Applications may be filed using the negative notice provisions of Local Rule 2004-2. No application is necessary for fees previously awarded by the Court.

13. ***Termination of the Automatic Stay and Codebtor Stay***. **If the Plan (a) provides for the surrender of property to the secured creditor or lessor, (b) provides for payments to be made by Debtor directly to the secured creditor or lessor, (c) provides that Debtor does not intend to make payments to the creditor, or (d) fails to provide for the claim of the secured creditor or lessor, then upon the filing of the Plan, the affected secured creditor or lessor is granted *in rem* relief from the automatic stay to pursue its remedies against the property that is security for the claim or the subject of the lease and both *in rem* and *in personam* relief against any codebtor.**

14. ***Reimposition of the Automatic Stay***. If Debtor files an amended or modified Plan to include payments to a secured creditor or lessor not previously provided for in the Plan, the automatic stay is reimposed as to that secured creditor or lessor automatically upon the filing and service of the amended or modified Plan unless the secured creditor or lessor has concluded its state law foreclosure or repossession remedies. Debtor must serve the amended or modified Plan upon the affected creditor or lessor, and any known successor in interest to the creditor or lessor, immediately after filing the amended or modified Plan and file proof of service.

15. ***Modification of the Automatic Stay***. The automatic stay is modified to permit creditors whose claims are secured by mortgages on Debtor's real property to communicate directly with Debtor in good faith regarding the possible modification or refinance of the mortgage obligation.

5

16. ***Meeting of Creditors and Documents to be Submitted to Trustee***. Debtor must appear at the meeting of creditors scheduled under § 341(a) and Rule 2003(a) (the "Meeting of Creditors"). No later than 7 days before the initial Meeting of Creditors, Debtor must provide the following to the Trustee:

A. Copies of (i) tax returns for the two years preceding the petition date, or (ii) a declaration or affidavit that Debtor was not required to file tax returns. In addition, if Debtor was required to file any tax returns during the four-year period preceding the petition date, then Debtor must be able to testify at the Meeting of Creditors that Debtor has filed the returns. Notwithstanding the foregoing, if Debtor has not filed any required tax return that became due during the four-year period preceding the petition date, Debtor must file the delinquent return(s) with the appropriate taxing authority, and no later than the day before the initial Meeting of Creditors, provide copies to the Trustee of the returns for the two years preceding the petition date.

B. Copies of all pay stubs, pay advices, or documentation of income sources for the six-month period ending on the last day of the month preceding the month of the petition date; and

C. Other documentation as the Trustee may request, including information regarding any non-debtor spouse's income, other documents required by the Bankruptcy Code or court order, or information needed to administer the Chapter 13 case.

As required by Rule 9037 and Local Rule 1001-3, Debtor and Debtor's attorney must ensure that appropriate personally identifiable information is redacted from documents prior to providing them to the Trustee.

17. ***Notice of Domestic Support Obligations.*** At the initial Meeting of Creditors, Debtor must inform the Trustee of any domestic support obligation, as defined in § 101(14A), and provide the following information: the name of the holder of the claim, the address of the holder of the claim, the state court case number (if applicable), and the telephone number of the holder of the claim. Debtor must promptly provide the same information to the Trustee for any domestic support obligation that arises after the meeting of creditors.

18. ***Confirmation Hearing.*** The Clerk is directed to schedule an initial confirmation hearing between 20 and 45 days after the date first set for the Meeting of Creditors. Debtor must be current in Plan Payments and ensure that the case is ready for confirmation, if possible, at the initial confirmation hearing. After the Meeting of Creditors, the Trustee may file and serve a Recommendation Concerning Confirmation of the Plan (the "Recommendation'). At least seven days prior to the initial confirmation hearing, Debtor must correct any deficiencies noted in the Recommendation. At the confirmation hearing, the Court will consider confirmation of the Plan and, on a preliminary, non-evidentiary basis, all pending motions and objections, including any motion to dismiss, objection to confirmation, and objection to claim. If an evidentiary hearing is needed or there is cause to defer confirmation, the Court will note the date for the continued confirmation hearing on the docket and, if Debtor is not represented by an attorney, serve a notice or order continuing the hearing. The Trustee may raise objections to confirmation of the Plan at any confirmation hearing.

19. ***Preconfirmation Deadline for Filing Amended Plans and Certain Motions.*** The following must be filed no later than 28 days after the deadline for filings proofs of claims:

    A.    An amended Plan, if necessary to obtain confirmation;

    B.    Motions to determine secured status of claims; and

    C.    Motions to avoid liens, if necessary to obtain confirmation.

20. ***Deadline for Filing Objections to Claims***. Debtor must file objections to claims no later than 28 days after the deadline for filing proofs of claim or 14 days after a creditor files an amended proof of claim.

21. ***Service Requirements.*** Debtor must serve a copy of any amended Plan upon the Trustee and all other parties in interest and promptly file a proof of service. Debtor must serve a copy of any motion or objection on the Trustee and affected creditors in the manner required by Rule 7004.

22. ***Duties of Debtor's Attorney (if Applicable)***. Upon appearing as counsel for Debtor, Debtor's attorney must assist Debtor in all matters related to the case unless the Court has granted the attorney's motion to withdraw from the case. Debtor's attorney must not withhold legal advice or service from Debtor because of lack of payment and may not demand payment from Debtor or any person on behalf of Debtor as a condition of providing legal advice or service.

23. ***Disclosure of Attorney's Fees***. As required by § 329 and Rule 2016(b), Debtor's attorney must disclose:

    A.    Any prepetition retainer paid to the attorney for Debtor's benefit as well as the source of the retainer paid;

    B.    Filing fees collected from Debtor and remitted to the Court;

    C.    Any compensation to be paid under the Plan; and

    D.    Postpetition payments made to the attorney by Debtor or other person for Debtor's benefit. Such payments must be held in the attorney's trust account pending Court approval.

**If Debtor's attorney fails to timely and completely file these disclosures or comply with all requirements in this Order, the Court may reduce the amount of attorney's fees awarded or order the disgorgement of fees. If the case is converted or dismissed, the Court retains jurisdiction to review the total amount of attorney's fees requested by or paid to Debtor's attorney.**

24. ***Tax Returns and Refunds While Case is Pending***. While the case is pending, Debtor must timely file all tax returns and make all tax payments and deposits when due. For each tax return that becomes due after the case is filed, Debtor must provide to the Trustee, within 14 days of the filing of the return, a complete copy of the tax return (including, if debtor owns a business, a complete copy of the business return) together with all related W-2s and Form 1099s. Unless otherwise

consented to by the Trustee or ordered by the Court, Debtor must turn over to the Trustee all tax refunds in addition to regular Plan Payments. Debtor must not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability. **Debtor must not spend tax refunds without first having obtained the Trustee's consent or Court approval.**

25. ***Filing Claims on Behalf of Creditors***. Under Rule 3004, within 30 days after the expiration of the deadline for filing proofs of claim, Debtor may file a proof of claim on behalf of a creditor if the creditor has not timely filed a claim and the Plan provides for payments to the creditor.

26. ***Extension of Time for the Trustee to File Objections to Debtor's Claimed Exemptions.*** To facilitate the efficient administration of the Chapter 13 case, the Court extends the time for the Trustee to file an objection to Debtor's claimed exemptions to the date of the confirmation hearing, including to the date of any continued confirmation hearing. The Trustee or any party in interest may include an objection to Debtor's claimed exemptions in an objection to confirmation of the Plan. The foregoing does not limit the right of any party in interest to object to Debtor's claimed exemptions under Rule 4003(b).

27. ***Objections to Claimed Exemptions under § 522(q).*** Nothing in paragraph 26 affects the rights of parties in interest to object to Debtor's claimed exemptions under § 522(q).

28. ***Deadline to Object to Claimed Exemptions in Converted Cases.*** Unless the exceptions in Rule 1019(2)(B) apply, if Debtor's Chapter 13 case is converted to a Chapter 7 case, the Court will set a new deadline for parties in interest to object to Debtor's claimed exemptions.

29. ***Cooperation with the Trustee.*** Debtor and Debtor's attorney must cooperate with the Trustee to the greatest extent possible during the pendency of the Chapter 13 case, both before and after the Plan is confirmed. Upon the Trustee's oral or written request, Debtor must provide to the Trustee any requested information, including books, documents, records, and papers, relating to property of the estate or Debtor's interest in a business, corporation, or trust. Within 28 days of the Trustee's request, Debtor must, at Debtor's expense, obtain and deliver to the Trustee a current appraisal of real or personal property performed by a qualified appraiser in an acceptable format. If necessary, Debtor may file an application to employ a professional under § 327 for this purpose.

30. ***Debtor's Duty to Supplement***. Debtor must promptly disclose to the Trustee and file appropriate amendments with the Court reporting all changes to Debtor's financial circumstances, including, but not limited to, inheritances, personal injury claims and settlements, new or additional employment, loss of employment, and reduction or increase to income.

31. ***Notice to Creditors and Other Interested Parties.*** All parties must comply with the noticing and service requirements of Local Rule 2002-1. Failure to timely serve orders and notices may cause denial of the party's motion.

32.     *Consequences of Default.* **If Debtor fails to make payments to the Trustee when due or fails to timely comply with any of the requirements of this Order, the case may be dismissed or converted to a case under Chapter 7 of the Bankruptcy Code upon motion by the Trustee or a party in interest.**

**DATED:** October 1, 2025.

_____
JACOB A. BROWN
Chief United States Bankruptcy Judge